```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


NAPLES COMMUNITY HOSPITAL, INC.
d/b/a NAPLES COMMUNITY HOSPITAL and
NORTH COLLIER HOSPITAL,

                Plaintiffs,

vs.                                   Case No.  2:04-cv-280-FtM-33SPC

MEDICAL SAVINGS INSURANCE COMPANY,

                Defendant.
_____/
```

### ORDER

This matter comes before the Court pursuant to Defendant's Objections to Magistrate Judge Sheri Polster Chappell's July 1, 2005 Order Denying: (1) Defendant's Motion for Reconsideration and/or Clarification of Magistrate's March 29, 2005 Order; (2) Defendant's Motion for Leave to File Late Objection to Magistrate's March 29, 2005 Order; and (3) Defendant's Motion for Stay Pending Ruling on Objections (Doc. # 49), filed on July 11, 2005.  On July 26, 2005, Plaintiffs filed a Response to Defendant's Objections to the Magistrate's July 1, 2005 Order (Doc. # 50).

Upon due consideration, Defendant's objections are overruled, and Judge Chappell's discovery Orders are affirmed.

### I. Standard of Review

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous or

contrary to law." Fed.R.Civ.P. 72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999).

**II.  Background**

In essence, Defendant appeals the Order of United States Magistrate Judge Sheri Polster Chappell, which was entered on March 29, 2005 (Doc. # 38). Defendant moved for reconsideration and/or clarification of Judge Chappell's Order on May 13, 2005 (Doc. # 43), and Judge Chappell denied the motion for reconsideration and/or clarification on July 1, 2005 (Doc. # 48). Defendant also appeals the decision of Judge Chappell denying the motion for reconsideration and/or clarification.

The Order that Defendant primarily challenges grants in part and denies in part Plaintiffs' motion to compel discovery, which was filed on January 21, 2005 (Doc. # 34). Plaintiffs' motion to compel discovery, filed pursuant to Rule 37, Fed.R.Civ.P., sought a court order compelling Defendant to: (a) answer interrogatories 1(c), 4, 5, 7, 8, 10, 11, and 17, which Plaintiffs served on Defendant on September 24, 2004; and (b) produce all documents described in requests for production 1, 2, 3, 10, 12, 13, 14, 15(b), 22, 23, 24, 27, and 30, which Plaintiffs also served on September 24, 2004. Defendant filed a memorandum in opposition to Plaintiffs' motion to compel on February 3, 2005 (Doc. # 35).

Judge Chappell's March 29, 2005 Order (Doc. # 38) denied the motion to compel as to interrogatories 1(c) and 11 and granted the motion to compel as to interrogatories 4, 5, 7, 8, 10, and 17. In addition, the Order granted the motion to compel as to all of the requests for production. Judge Chappell's Order required Defendant to produce the answers and documents on or before April 18, 2005.[1] In addition, the Order provided that Defendant could properly assert that certain documents were privileged, if necessary, by creating a privilege log and serving such privilege log on Plaintiffs. In addition, Judge Chappell attached a comprehensive Confidentiality Order to her Order on the motion to compel (Doc. # 38 at Ex. A).

### III. Analysis

Defendant argues that Judge Chappell's Order on the motion to compel places an undue burden on Defendant. Defendant argues that it would be "impossible" for it to comply with the portion of Judge Chappell's Order mandating the Defendant respond to interrogatories 9 and 10 and requests for production 22, 23, 24, 27, and 30. Specifically, Defendant asserts that it would cost over two million dollars over the course of three years to comply with Judge

---

[1] Defendant obtained an extension of time, which allowed Defendant to comply with Judge Chappell's Order by May 16, 2005, rather than the previous deadline of April 18, 2005. (Doc. # 42). Thereafter, Defendant secured an additional extension of time, which allowed Defendant to comply with Judge Chappell's Order by July 20, 2005. (Doc. # 48 at 3).

Chappell's discovery Order.[2]

Plaintiffs argue that Defendant's objections to Judge Chappell's discovery Order were filed out of time. In addition, Plaintiffs contend that Defendant's objections are without merit and are disingenuous.

This court agrees with Plaintiffs that Defendant's objection is untimely. Rule 72(a), Fed.R.Civ.P., states in pertinent part: "Within ten days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."

In this case, Judge Chappell ruled on the discovery issue on March 29, 2005, and Defendant took no action until May 13, 2005, when Defendant filed its motion for reconsideration and/or clarification. Defendant did file timely objections to Judge Chappell's Order denying the motion for reconsideration and/or clarification; however, it is clear that it is the terms of the

---

[2] In support of this statement, Defendant relies on the affidavit of Randall Suttles, Defendant MSI's President. It should be noted that Defendant did not file this affidavit in conjunction with its response to the motion to compel. It was not until Defendant moved for reconsideration and/or clarification of Judge Chappell's discovery Order did Defendant present evidence in support of its arguments. Defendant has filed a second affidavit of Mr. Suttles with the instant appeal of Judge Chappell's Orders. Mr. Suttles states that, in order to comply with Judge Chappell's discovery ruling, Defendant would need to hire several employees to review files, and would need to purchase new computers and printers. (Doc. # 43 at Ex. A), (Doc. # 49 at Ex. B).

4

initial discovery Order, to which no timely appeal was taken, that Defendant now contests. Nevertheless, in the interest of justice, this Court will address the substance of Defendant's objections to Judge Chappell's discovery rulings.

Defendant argues that this Court should set aside certain portions of Judge Chappell's discovery rulings due to the impossibility of Defendant's compliance with such Order. Defendant seeks an order from this Court which expressly limits Judge Chappell's ruling as "compelling disclosure and discovery to information and documents related to Plaintiff's claim against Defendant (i.e., the patient bills at issue in this litigation)." (Doc. # 49 at 6). In addition, Defendant seeks permission to file untimely objections and seeks a stay of this case.

However, as pointed out in Judge Chappell's Order denying Defendant's motion for reconsideration and/or clarification, Defendant's assertions of impossibility are belied by the following of Defendant's claims in its motion for extension of time (Doc. # 39)[3], filed April 15, 2005:

> Pursuant to the Court's Order, Defendant has investigated, gathered, reviewed, and prepared a majority of the requested information responsive to Plaintiff's discovery requests. . . . The identification, collection, organization, review and examination of each file responsive to Plaintiff's requests is time consuming and will undoubtedly take additional time beyond the twenty (20) day period to achieve full compliance. However,

---

[3] Judge Chappell, relying on Defendant's statements, granted Defendant's motion for an extension of time.

5

>  Defendant is capable of achieving substantial compliance by producing a vast majority of the requested information (i.e. hundreds of documents) as Ordered. Toward that end, Defendant is serving answers to 4 of 6 Interrogatories by day's end, and intends to serve responses to many of Plaintiff's Request for Production on Monday, April 18, 2005.

(Id. at 2).

In the instant appeal of the discovery Orders, Defendant states that it was operating under a misunderstanding when it made the above submissions to the Court in relation to the motion for extension of time. Defendant states, "It was not until after submission of the Motion for Enlargement of time that Defendant's counsel learned of the extreme burden to Defendant in amassing and providing responses to Interrogatories Numbers 9 and 10, and to Requests For Production Number 22, 23, 24, 27, and 30." (Doc. # 49 at 3). Defendant should not be permitted to garner an extension of time with its representations to the Court, and then retract from such statements when the production of documents is due.

This Court finds that Judge Chappell's discovery Order was not clearly erroneous or contrary to law. To the contrary, Judge Chappell's Order is in sync with Rule 26(b), Fed.R.Civ.P., which states in pertinent part:

>  Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>  In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the

>identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial  if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs in this cause are hospitals, and they sue an insurance company for breach of contract, as well as breach of the covenant of good faith and fair dealing, among other things.[4] Judge Chappell acted within the parameters of the discovery rules and within her broad discretion when she ordered that Defendant answer the aforementioned interrogatories and provide the documents requested in the aforementioned requests for production.

Each of the interrogatories and requests for production is proper given the nature of this action.  Further, Defendant may avoid disclosure of privileged information by maintaining a privilege log.  In addition, if it is Defendant's position that it would be too burdensome for Defendant to physically produce each document requested, Defendant may designate a time for Plaintiffs to review Defendant's files, as they are kept in the ordinary course of business, in order to locate documents responsive to the requests for production.  Federal Rule of Civil Procedure 34(b)

---

[4] Plaintiffs' Amended Complaint asserts counts for I Breach of Implied in Fact Contract, II Breach of Implied in Law Contract, III Breach of Insurance Contract, IV Breach of Common Law Implied Covenant of Good Faith, Fair Dealing and Reasonableness, V Wrongful Interference with Contractual Rights, VI Promissory Estoppel, and VII Breach of NPPN Contract (Doc. # 31).

states in pertinent part: "A party who produces documents for inspection shall produce them as they are kept in the ordinary course of business or shall organize them and label them to correspond with the categories in the request."[5]

Defendant is therefore ordered to comply with Judge Chappell's discovery Orders (Doc. # 38 and # 48) forthwith.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant's Objections to Magistrate Judge's July 1, 2005 Order Denying: (1) Defendant's Motion for Reconsideration and/or Clarification of Magistrate's March 29, 2005 Order; (2) Defendant's Motion for Leave to File Late Objection to Magistrate's March 29, 2005 Order; and (3) Defendant's Motion for Stay Pending Ruling on Objections (Doc. # 49) are overruled as follows:

   (A) Judge Chappell's discovery orders (Docs. # 38 and # 48) are **AFFIRMED;**

   (B) Defendants Motion to file untimely objections to Judge Chappell's discovery orders is **DENIED AS MOOT;**

---

[5] For further clarification regarding discovery practice, Defendant is advised to review the <u>Middle District Discovery Civil Discovery Practice Handbook</u>, which can be accessed via this Court's website: www.flmd.uscourts.gov. The Handbook can be located on the website under the Forms and Publications menu in the "Civil" category.

(C) Defendant's Motion for a stay of this action is **DENIED**.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 29th day of September, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record