```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


NAPLES COMMUNITY HOSPITAL, INC.
d/b/a NAPLES COMMUNITY HOSPITAL and
NORTH COLLIER HOSPITAL,

                  Plaintiffs,

vs.                                 Case No.   2:04-cv-280-FtM-33SPC


MEDICAL SAVINGS INSURANCE COMPANY,

                  Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Defendant Medical Savings Insurance Company's Objection to Magistrate's Order on Plaintiff's Motion for Protective Order (Doc. # 78), which was filed on April 13, 2006. Plaintiff Naples Community Hospital filed a response in opposition to Defendant's Objection on April 27, 2006. (Doc. # 81).

**I. Standard of Review**

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999).

**II. Background**

Defendant objects to the Protective Order of United States Magistrate Judge Sheri Polster Chappell, which was entered on March 30, 2006. (Doc. # 69). Defendant challenges Judge Chappell's decision to grant in part Plaintiff Naples Community Hospital's motion for protective order, which was filed on March 8, 2006 (Doc. # 57). Plaintiff's motion for protective order, filed pursuant to Rule 26, Fed. R. Civ. P., sought a court order preventing the disclosure of: (1) Naples Community Hospital's third party payor contracts and documentation relating to the negotiation, performance and implementation of those contracts; (2) Naples Community Hospital's strategic plans, including pricing strategies; (3) reimbursement methodologies and rates; (4) documents, offers, and contracts for services; and (5) the underlying costs of each and every line item on each chargemaster and for each and every patient insured's bill. (Doc. # 57 at 16).

Defendant filed a memorandum in opposition to Plaintiff's motion for protective order on March 22, 2006. (Doc. # 60).

Judge Chappell's March 30, 2006 Order (Doc. # 69) granted in part and denied in part Plaintiff Naples Community Hospital's motion for protective order as follows:

> The Plaintiff's Motion for a protective order preventing the disclosure of the terms of contracts between NCH and third party insurers is GRANTED as to (1) NCH's third party payor contracts and documentation; (2) NCH's strategic plans including pricing strategies; (3) reimbursement methodologies and rates; (4) documents,

2

> offers, and contracts for services. The Plaintiff's Motion for a protective order preventing the disclosure of its costs involved in treating patients is DENIED as to the underlying costs of each and every line item on each chargemaster and/or for each and every patient insured's bill within the limited scope of the patient services that were insured by Medical Savings.

(Doc. # 69 at 5).

### III. Analysis

Defendant argues that Judge Chappell's Protective Order should be modified "because it prevents MSIC from having access to important evidence on issues that are material to issues in the pending litigation, namely the reasonableness of charges and the customary payment for the treatment at issue." (Doc. # 78 at 2).

Plaintiff, on the other hand, agrees with Judge Chappell's Order and argues, "Defendant is not entitled to discover the terms, conditions, provisions and pricing strategies of contracts and agreements negotiated by NCH with third-party payors because: (1) those contracts and agreements contain confidential, proprietary and privileged information protected under Rule 26(b)(1); and, (2) they are not relevant to the claim or defense of any party to this action or reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26(b)(1)." (Doc. # 81 at 5-6). Plaintiff further submits that disclosure of NCH's third-party payor contracts and agreements would cause the Plaintiff irreparable harm because the Defendant would gain (1) an unfair advantage over its competitors in the market place and (2) an

unfair advantage in any future negotiations with NCH for favorable pricing terms or in attempts to settle this litigation. (Doc. # 81 at 7). In addition, Plaintiff argues that Defendant is not entitled to discover how NCH sets its billed charges because pricing strategies incorporate confidential, proprietary and privileged trade secret information. (Doc. # 81 at 12).

One of Judge Chappell's primary reasons for preventing the disclosure of the terms of contracts between NCH and third party insurers as to NCH's third party payor contracts and documentation; NCH's strategic plans including pricing strategies; reimbursement methodologies and rates; and documents, offers, and contracts for services follows:

> Third party contract prices are a separate negotiated agreement between NCH and a third party provider based upon their own separate agreements. There can be many associated factors in addition to price that go into the negotiations with third party insurers. Therefore, the prices that other insurers negotiate on behalf of their insureds is not a reliable basis to assess a reasonable and customary charge.

(Doc. # 69 at 3)(citation omitted).

Plaintiff's brief in opposition to Defendant's objections to of Judge Chappell's Order cites several orders issued by courts in this district ruling on very similar, if not identical, discovery issues. Each order cited is consistent with Judge Chappell's ruling cited above. See Lee Mem'l Health Sys. v. Medical Sav. Ins. Co., 2:04-cv-445-FtM-33DNF, Doc. # 76, at 4 ("Medical Savings is not permitted to obtain discovery concerning the pricing

4

strategies, reimbursement methodologies and rates, and any third party payor contracts entered into by Lee Memorial with other governmental or insurance companies"); <u>Adventist Health Sys., Inc. v. Medical Sav. Ins. Co.</u>, 03-cv-1121-Orl-19KRS, Doc. # 198, at 3("The amount that other insurers negotiate to pay a hospital on behalf of their insured is not a reliable basis to assess a 'reasonable' charge because there can be many factors, other than the reasonableness of hospital charges, that are considered in the negotiations."); <u>All Children's Hosp. Inc. v. Medical Sav. Ins. Co.</u>, 8-04-cv-186-T-26EAJ, Doc. # 36("Plaintiffs shall not be required to provide Defendant with cost information as it relates to the charges at issue in this case.").

    This Court finds that Judge Chappell's discovery Order was not clearly erroneous or contrary to law.  To the contrary, Judge Chappell's Order is consistent with Rule 26(b), Fed. R. Civ. P., which states in pertinent part:

> Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

    Judge Chappell's Order is also consistent with Rule 26(e),

Fed. R. Civ. P., which allows the courts to issue protective orders mandating "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."

Judge Chappell acted within the parameters of the discovery rules and within her broad discretion when she issued the Order under review.  Her Order is buttressed by the fact that other courts in this district, facing similar inquires, reached the same result as she did in issuing the Order.

Further, Judge Chappell's decision to grant the motion for protective order as to the third-party contracts, but deny the motion as to the underlying costs used to determine the charges for the medical services provided, demonstrates that Judge Chappell even handedly resolved the dispute and reached a reasonable compromise.  The result reached by Judge Chappell is legally sound and consistent with Federal Rule of Civil Procedure 1, which requires that the Federal Rules of Civil Procedure be construed "to secure the just, speedy, and inexpensive determination of every action."

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant Medical Savings Insurance Company's Objection to Magistrate's Order on Plaintiff's Motion for Protective Order (Doc. # 78) is **OVERRULED.**

(2)  Judge Chappell's Order (Doc. # 69) is **AFFIRMED.**  The parties are directed to comply with Judge Chappell's Protective Order.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>3rd</u> day of May, 2006.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record