UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES COMMUNITY HOSPITAL, INC.
d/b/a NAPLES COMMUNITY HOSPITAL and
NORTH COLLIER HOSPITAL,

          Plaintiffs,

vs.                   Case No.  2:04-cv-280-FtM-33SPC

MEDICAL SAVINGS INSURANCE COMPANY,

          Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff's Objections to Magistrate's Denial of Motion to Amend Complaint (Doc. # 79), which was filed on April 24, 2006.  Defendant filed a response in opposition to Plaintiff's Objections on May 8, 2006. (Doc. # 90).

**I. Standard of Review**

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999).

## II.  Background

Plaintiff objects to the Order of United States Magistrate Judge Sheri Polster Chappell, which was entered on April 13, 2006. (Doc. # 77).  Plaintiff challenges Judge Chappell's decision to deny Plaintiff's motion to amend complaint, which was filed on March 27, 2006 (Doc. # 64).

Plaintiff's motion to amend complaint explained that the amendments sought "relate[d] only to the dates health care was provided by NCH . . . and the approximate amount of NCH's compensatory damages." (Doc. # 64 at 1).  Plaintiff's Amended Complaint (Doc. # 31) filed on November 1, 2004, which governs this action, seeks damages for Defendant's alleged failure to pay reasonable costs during the calendar years 2000, 2001, 2002, and 2003 and seeks $6,000,000.00 in compensatory damages. (Doc. # 31 at 7, 11).

Plaintiff's motion to amend complaint sought to amend the Amended Complaint to include claims from 2004 and carrying on to the present. (Doc. # 64-2 at 7).  Also, the motion to amend sought to increase the estimated compensatory damages from $6,000,000.00 to $1,300,000.00. (Id.)

Judge Chappell denied the motion to amend and commented that the motion to amend was untimely.  She also determined that the requested amendment would be unduly prejudicial to Defendant because it would allow Plaintiff to maintain an open-ended lawsuit

and would deprive Defendant of the opportunity to prepare an adequate defense.

Although this Court disagrees with Judge Chappell's analysis concerning the timeliness of the motion to amend, for the reasons stated below, this Court affirms Judge Chappell's decision to deny the motion to amend.

## III. Analysis

Federal Rule of Civil Procedure 15(a) provides that when a party seeks leave to amend "leave shall be freely given when justice so requires." "The grant or denial of an opportunity to amend is within the discretion of the district court." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). In <u>Foman</u>, the Supreme Court advised that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Id.</u> The Supreme Court identified several circumstances justifying the denial of a motion to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." <u>Id.</u> The Court noted that in the absence of an apparent reason to deny the motion to amend, the motion should be granted. <u>Id.</u> <u>See also</u> <u>Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO</u>, 724 F.2d 1552, 1556

(11th Cir. 1984).

The denial of a Rule 15, Fed. R. Civ. P., motion to amend is reviewed by the Eleventh Circuit for an abuse of discretion. Jennings v. BIC Corp., 181 F.3d 1250, 1258 (11th Cir. 1999).

**A.   Judge Chappell's Denial of the Motion to Amend**

Although Judge Chappell determined that the motion to amend was untimely, this Court determines that there was no Case Management and Scheduling Order deadline for filing an amended complaint in this case, and thus, the motion to amend was not untimely. Judge Chappell's Order states:

> In the instant case, the Motion to Amend was filed after the deadline to amend had expired. Thus, the Court must review the motion in light of the higher standard under Fed. R. Civ. P. 16(b). The Case Management and Scheduling Report, filed August of 2004 set a deadline of November 1, 2006. The Case Management and Scheduling Order did not address the deadline for amending the complaint because the Order was issued on December 10, 2004, after the amendment deadline recommended by the parties in their report. The motion was therefore filed almost a year and a half after the expiration of the parties['] agreed upon deadline to amend and almost two years after the original complaint was filed.

(Doc. # 77 at 3).[1]

This Court questions the determination that the parties' suggested deadlines in the Case Management Report would have the same force as the deadlines set forth by the Court in a Case

---

[1] Judge Chappell's Order contains a typographical error that leads to some confusion. The parties' recommended deadline for amending the complaint was November 1, 2004, rather than November 1, 2006, as stated in Judge Chappell's Order.

Management and Scheduling Order.  This Court's Case Management and Scheduling Order simply failed to include a deadline for amending the pleading, and the reason behind the failure to include the deadline was due to the passage of time between the filing of the Case Management Report and the entry of the Case Management and Scheduling Order.

This Court disagrees with the portion of Judge Chappell's Order relying on the deadlines suggested by the parties in the Case Management Report.

If Judge Chappell's only justification for denying the motion to amend was the suggested deadlines in the Case Management Report, as described above, Judge Chappell's Order denying the motion to amend would be due to be overturned.  However, Judge Chappell enumerated other reasons for denying the motion to amend, and this Court agrees with and finds to be valid the reasoning employed by Judge Chappell, which follows:

> The alleged under-payments that are the focus of the Motion to Amend allegedly continued to occur even after the suit was filed.  The Plaintiff had full knowledge of Med Savings' alleged practices but continued the same business pattern with the Defendant that resulted in the present law suit.  To allow the amendment would be to reward the Plaintiff's lack of due diligence in further addressing what at least from their perspective was a faulty business practice.  It would in essence allow the Plaintiff to have an open ended lawsuit that would continue to be amended as time progressed.  Such and [sic] openended [sic] amendment would prejudice the Defendant's ability to prepare a defense because each claim is a separate issue and the claims would continue to build even as the case went to trial.

(Doc. # 77 at 3).

This Court upholds Judge Chappell's above reasoning and affirms her Order denying the motion to amend.

The Court now takes this opportunity to address Plaintiff's suggested compromise, stated in Plaintiff's objection to Judge Chappell's Order. Plaintiff submits, "NCH understands the Magistrate's concern about a cut off date, but submits that a reasonable balance of the parties' competing interests would permit the amendment of include the 2004 and 2005 billings listed in the data compilations NCH provided to the Defendant." (Doc. # 79 at 7). The Court determines that this suggested compromise is inadequate and untimely in the wake of Judge Chappell's decision. Plaintiff sought an expansive and unfair amendment, which was justly denied. As stated by Defendant, "To allow an open-ended complaint is inherently unfair to MSIC. MCIS could never ensure that it was able to conduct relevant discovery." (Doc. # 90 at 12).[2]

---

[2] It should also be noted that Defendant has explained:

[I]ncluded among the claims that Plaintiff seeks to have added, are those claims after a change in practice by Plaintiff in regard to MSIC patients. At least as of June 25, 2005 Plaintiff began refusing to bill MSIC directly and instead have required the insured patients to submit claims themselves . . . . The practice would raise issues as to whether Plaintiff had assignments of the insurance proceeds, whether benefits had been paid to the insureds and at what amounts. The actions may also give rise to other defenses and/or counterclaims. MSIC would be prejudiced if it were not allowed to conduct discovery related to these new issues.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1)   Plaintiff's Objections to Magistrate's Denial of Motion to Amend (Doc. # 79) is **OVERRULED.**

(2)   Judge Chappell's Order (Doc. # 77) is **AFFIRMED.**   The parties are directed to comply with Judge Chappell's Order dated April 13, 2006.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>16th</u> day of May, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

--------

(Doc. # 90 at 12).

7